UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESAMUEL PALMER,

    Plaintiff,

v.                                                Case No: 2:11-cv-275-Ftm-38UAM

B. BULLARD and C.O. BUSH,

    Defendants.
_____/

**OPINION AND ORDER[1]**

This cause is before the Court on Defendant C.O. Bush's ("Defendant's") Motion for Sanctions and Motion to Dismiss (Doc. 36, filed November 11, 2012). Defendant seeks dismissal of LeSamuel Palmer's ("Plaintiff's") second amended complaint for Plaintiff's failure to disclose his prior litigation. Plaintiff responded to the motion (Doc. 39, filed December 6, 2012). The motion is ripe for review.

For the reasons set forth in this Order, Defendant's motion is **GRANTED.**

    **I.    Motion to Dismiss**

Defendant has filed a motion for sanctions and dismissal based upon Plaintiff's failure to disclose that he had initiated one prior federal lawsuit and three prior state lawsuits in his second amended complaint (Doc. 36 at 4). Defendant also notes that

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Plaintiff failed to disclose that two prior lawsuits had been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted (Doc. 36 at 6). In response to the motion, Plaintiff argues that he did not lie to the Court regarding these cases; rather, he "forgot" to include them (Doc. 39 at 2). Plaintiff also asserts that he should be excused from disclosure because the filing fees have already been paid, he did not graduate from eighth grade, and he suffers from depression (Doc. 39 at 2).

## II.     Analysis

Plaintiff signed his Second Amended Complaint under penalty of perjury on February 18, 2012 (Doc. 22). Plaintiff was questioned in Section IV(A) of the complaint form whether he had initiated other lawsuits in state court dealing with the same or similar facts or otherwise relating to his conditions of imprisonment. Plaintiff checked "yes" and listed state-court case numbers 10-2031CA, 10-3746CA, 10-4303CA, and 10-019181-CFICA (Doc. 22 at 5, 7). Plaintiff failed to disclose that he had also filed state-court cases 2011-CA-29, 2011-CA-1946, and 2011-CA-215 (Doc. 36-2; Doc. 36-3). Plaintiff does not dispute that he filed these case prior to the instant litigation. Instead he asserts that the state court cases were each seeking a writ of mandamus "which does not fall under the subject to the Prison Litigation Reform Act[.]" (Doc. 39 at 1). This argument is not convincing. The Court takes judicial notice that case number 2011-CA-1946 was a challenge to the prison disciplinary team's finding that Plaintiff was guilty of disobeying an order (Doc. 36-2). Plaintiff cannot reasonably argue that his challenge to a disciplinary report did not relate to his imprisonment or conditions thereof.

Even assuming that Plaintiff honestly believed that his state petitions for writ of mandamus did not qualify as lawsuits as contemplated by Section IV of the civil rights

form, he cannot convincingly argue that he was unaware that an omitted case filed in federal court was related to his imprisonment or conditions thereof. Plaintiff was questioned in Section IV(B) of the complaint form whether he had initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to his imprisonment or conditions thereof. Plaintiff checked "yes" and listed Middle District of Florida Case Numbers 2:09-cv-401-FtM-36DNF, 2:09-cv-604-FtM-29DNF, 2:10-cv-98-FtM-36SPC, and 2:10-cv-163-FtM-36DNF. Plaintiff did not include Middle District of Florida case number 2:10-cv-438-29DNF which was a suit against prison personnel for the alleged use of excessive force. Although Plaintiff asserts that he merely forgot about Case No. 2:10-cv-438-FtM-29DNF (Doc. 39 at 2), the Court notes that Plaintiff also failed to include this case in his original complaint which was filed while Case No. 2:10-cv-438-FtM-29DNF was still pending and in his first amended complaint which was filed less than two months after the order dismissing Case No. 2:10-cv-438-FtM-29DNF (Doc. 16, filed November 10, 2011).[2]

Plaintiff also did not honestly complete Section III(D) of the Complaint which directed him to list all lawsuits or appeals in federal court that were dismissed as frivolous, malicious, or failed to state a claim upon which relief may be granted (Doc. 22 at 7-8). Plaintiff listed no cases in response to this question even though Case 2:10-cv-438-FtM-29DNF was dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)[3] and for failure to state a claim upon which relief may be granted (Case No.

---

[2] Case No. 2:10-cv-438-FtM-29DNF was closed on September 15, 2011. Case No. 2:10-cv-98-FtM-36SPC was closed on September 9, 2011.

[3] In *Heck*, the Supreme Court held that § 1983 actions that necessarily call into question the validity of a conviction or sentence do not accrue until the plaintiff can demonstrate

3


2:10-cv-438-FtM-29DNF at Doc. 58). Plaintiff provides no explanation for his failure to list this case as having been dismissed for failure to state a claim upon which relief may be granted. Given the short amount of time between the dismissal of this case and his amended complaints, it is not reasonable for Plaintiff to have forgotten about it. [4]

Providing false information to the court is, in-and-of itself, a valid ground for dismissing a complaint. See *Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 226 (11th Cir. 2011) (prisoner's failure to disclose previous lawsuit constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action); see also *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (upholding dismissal based on abuse of judicial process for failing to disclose prior litigation and holding that "the district court was correct to conclude that to allow [plaintiff] to then acknowledge what

---

that the conviction or sentence has been reversed, expunged, or otherwise declared invalid by a tribunal authorized to make such a finding. 512 U.S. at 487; *Uboh v. Reno*, 141 F.3d 1000, 1006 (11th Cir. 1998). A dismissal of a complaint as *Heck*-barred is a dismissal for failure to state a claim upon which relief may be granted. See *Curtis v. United States*, 479 F. App'x 255 (11th Cir. 2012) (affirming district court's dismissal of complaint as *Heck*-barred as a dismissal for failure to state a claim).

[4] Defendant argues that case number 2:10-cv-98-FtM-36SPC should also have been listed in Section III(D) because the case was dismissed, in part, as a sanction for Plaintiff bringing false information and evidence before the Court (Doc. 36 at 6). Defendant asserts that Plaintiff should have disclosed the dismissal "because a dismissal based in part upon Plaintiff submitting a doctored witness statement and forged declarations constitutes malicious conduct that PLRA and this Court's civil rights form seeks to identify and prohibit." *Id.* Although Plaintiff was sanctioned by the Court in 2:10-cv-98-FtM-36SPC, the sanctions consisted of striking some of Plaintiff's evidence and of making a recommendation to the Department of Corrections that Plaintiff be subject to disciplinary proceedings (Case No. 2:10-cv-98-FtM-36SPC at Doc. 97). The complaint was dismissed with prejudice at the summary judgment stage based upon the finding that, as a matter of law, the defendant had not violated Plaintiff's Eighth Amendment rights. Accordingly, the Court does not find that Plaintiff unreasonably omitted the dismissal in 2:10-cv-98-FtM-36SPC from Section III(D) of the complaint form.

he should have disclosed earlier would serve to overlook his abuse of the judicial process."); *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010) (upholding district court's dismissal noting that "[e]ven if [Plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); *Young v. Secretary Fla. for Dept. of Corr.*, 380 F. App'x 939 (11th Cir. 2010) (same).

In *Redmon*, the Eleventh Circuit affirmed the district court's dismissal of a complaint based upon the plaintiff's misrepresentation of his litigation history, noting abuse of the judicial process. 414 F. App'x at 225. The court stated that "[u]nder 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Id.* (citing *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997)). The Eleventh Circuit explained that a district court may impose sanctions pursuant to Rule 11(c) of the Federal Rules of Civil Procedure if a party knowingly files a pleading that contains false contentions, and although *pro se* pleadings are held to less stringent standards, "a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules." *Id.* (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). Finding no abuse of discretion, the Eleventh Circuit noted that the plaintiff failed to disclose a prior lawsuit, but had been afforded an opportunity to show cause, just as in the present case, as to why his complaint should not be dismissed. The Eleventh Circuit affirmed the district court's decision in "concluding that Plaintiff's explanation for his failure to disclose the [lawsuit]--that he misunderstood the form- did not excuse the misrepresentation and that dismissal without prejudice was a proper sanction." *Id.* at 226.

Even if Plaintiff did not maliciously intend to deceive the Court, the fact remains that, under penalty of perjury, Plaintiff provided dishonest information concerning his filing history. "If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants." *Johnson v. Crawson*, Case No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. March 3, 2010); *see also Hood*, 197 F. App'x at 819 (affirming district court's dismissal without prejudice of civil rights case based on the plaintiff's failure to list prior lawsuits because the question on the complaint form asking about prior lawsuits in federal court was not ambiguous). Given that Plaintiff has filed at least twelve lawsuits in federal court and prevailed in at least one of these suits, the Court is not convinced that Plaintiff's lack of formal education or his alleged depression excuses his failure to adequately present his litigation history to the Court.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.  Defendant C.O. Bush's Motion for Sanctions and Motion to Dismiss (Doc. 36) is **GRANTED.** This case is dismissed *without prejudice* as to all defendants.[5]

2.  The Clerk of the Court shall send Plaintiff, along with a copy of this Order, a Civil Rights Complaint Form. If Plaintiff so chooses, he may re-file his claims in a completely new action by completing the form and filing it in the appropriate court.

---

[5] Despite four separate attempts to serve Defendant Bullard, he has not yet been served with process in this case. *See* Docs. 31, 34, 38, 47. However, the dismissal of the second amended complaint applies equally to Defendant Bullard.

```
```

3. The Clerk of the Court shall terminate all pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on October 18th, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:    OrlP-4  10/17/13
Copies furnished to:
All parties of record